United States District Court
Southern District of Texas
**ENTERED**
March 26, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON JEROME TAYLOR, <br> (Former SPN #02861283) <br><br> Plaintiff, <br><br> vs. <br><br> THE STATE OF TEXAS, <br><br> Defendant. | § § § § § § § § § § | CIVIL ACTION NO. H-18-0418 |

**MEMORANDUM ON DISMISSAL**

The plaintiff, Preston Jerome Taylor, is a former inmate of the Harris County Jail. Taylor filed this civil rights action in forma pauperis. Online research reveals that Taylor is no longer confined at the Harris County Jail.

Under Local Rule 83.4, a pro se litigant is responsible for keeping the Clerk advised in writing of his current address. The Court will send notices only to the address on file. Taylor has failed to provide the Court with an accurate, current address. Under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995); 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.51(3)(b) & (e) (3d ed. 2017). Upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b). *See Link*, 370 U.S. at 635.

Aside from Taylor, thirteen other inmates of the Harris County Jail have signed the civil rights complaint form in an apparent effort to join as plaintiffs to the instant lawsuit. (Docket Entry No. 1, p. 9). The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay the balance of the full filing fee of $350. It appears that the thirteen inmates who signed the complaint are attempting to circumvent the PLRA's filing fee requirement. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision); *see also Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee). The Court concludes that allowing the thirteen additional inmates to join the present action would defeat the clear intent of the PLRA's fee payment and the "three-strikes" provisions and will not be permitted.

This action is DISMISSED without prejudice for want of prosecution. Taylor's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED.

SIGNED at Houston, Texas, on Mar. 23, 2018.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE